UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CYNTHIA SUE MARY, ET AL.                CIVIL ACTION NO. 13-2195

VERSUS                                  JUDGE S. MAURICE HICKS, JR.

QEP ENERGY CO.                          MAGISTRATE JUDGE HAYES

**MEMORANDUM ORDER**

Before the Court is a Motion in Limine to Exclude Evidence of Environmental Damage (Record Document 40) filed by Defendant QEP Energy Company ("QEP"). QEP seeks to exclude from the trial of this case any evidence of environmental damage, arguing that evidence of environmental damage is not relevant. See Record Document 40-1 at 4. Plaintiffs oppose the motion and contend that evidence of environmental damage is relevant to show bad faith on the part of QEP. See Record Document 54 at 1-3.

Plaintiffs are the owners of immovable property located in Bienville Parish, Louisiana ("the Subject Property"). See Record Document 1-3 at ¶ 2. Plaintiffs claim that QEP breached oil, gas and mineral leases and several additional agreements. They assert various property damage claims alleged to have arisen from oil and gas activities of QEP on the Subject Property. Plaintiffs allege that QEP is a bad faith trespasser because it constructed a 16" pipeline, instead of a 12" pipeline authorized in the servitude agreement. See id. at ¶ 13. Plaintiffs further allege that QEP failed to fence the surface location around the Mary Et Al 14H #1 Well pad; failed to institute and provide adequate erosion control measures; and exceeded the permissible width of the lease roads and pipeline servitude granted by plaintiffs. See id. at ¶¶ 12, 14. Plaintiffs admit that they have not previously asserted a specific claim for the recovery of environmental damages. See Record

Document 54 at 1-2.

Plaintiffs argue that QEP's breach of certain contractual provisions[1] "is clearly relevant to prove . . . bad faith, without regard to any issue of damages." Record Document 54 at 3.  QEP contends that it has been in good faith in the performance of all its obligations to Plaintiffs.  Yet, as QEP notes in its reply, "even if the Court were to find to the contrary, . . . the only issue in this lawsuit [the disgorgement of profits claim] which requires a determination regarding QEP's good faith or bad faith arises from QEP's alleged bad faith **possession**, not its operations" under the oil, gas and mineral leases and/or the additional agreements.  Record Document 59 at 1-2 (emphasis in original).

The underlying legal theory for Plaintiffs' claim for disgorgement of profits is Louisiana Civil Code Article 486, which provides:

A possessor in good faith acquires the ownership of fruits he has gathered.

---

[1] Plaintiffs point to the following provisions of the Surface Use Agreement:

> [QEP] shall act as a reasonable and prudent operator in its efforts to protect the Surface Location and the adjoining land from contamination or pollution with saltwater, drilling fluids, or other hazardous or deleterious chemicals or substances, including . . .
>
> . . .
>
> The damages paid at the time of execution of this Release is for the ordinary and usual damages only to the surface of the lands and crops thereon, resulting from the drilling and completion of the Mary Et Al 14H #1 and the ongoing operation of a producing well, and shall not be construed as a settlement of any claims for damages which the Owners may claim to livestock or to the Surface Location or adjoining property or other property as a result of subsequent leakage or spillage of saltwater or hazardous or deleterious chemicals, the fracing of the well, or the negligent conduct of Questar or its contractors or permittees. . . .

Record Document 54 at 2-3.

> If he is evicted by the owner, he is entitled to reimbursement of expenses for fruits he was unable to gather.
>
> A possessor in bad faith is bound to restore to the owner the fruits he has gathered, or their value, subject to his claim for reimbursement of expenses.

La. C.C. Art. 486; Record Document 45.  Likewise, in SGC Land, LLC v. Louisiana Midstream Gas Servs., 939 F.Supp. 2d 612 (W.D. La. 2013), *amended on reconsideration in part* (Aug. 3, 2013), this Court noted:

> Under Louisiana law, the remedy of disgorgement of profit is available upon the showing of bad faith possession. . . .  The question whether a possessor be in good faith or in bad faith (legal or actual) is the sole factor in determining whether such possessor should or should not account for the fruits of his possession.  This doctrine stems from La. C.C. art. 486 which provides in part that a possessor in bad faith is bound to restore to the owner the fruits5 he has gathered, or their value.

Id. at 619 (internal citations and quotations omitted).

This Court fails to see the relevance that evidence of environmental damages has to Plaintiffs' disgorgement of profit claim.  Based on the briefing submitted in connection with the instant motion and after the Court's review of the briefing in relation to pending dispositive motions, it appears that the sole basis for Plaintiffs' disgorgement claim is their allegation that QEP wrongfully possessed portions of the Subject Property by constructing a short segment of pipeline outside of the designated boundaries of the servitudes which they granted to QEP.  Even if the Court were to assume that QEP was a "bad faith possessor" because it located a portion of its pipeline outside the servitudes, the presence or absence of environmental damage around the well site or production facilities has no bearing upon the determination of whether QEP was in good faith or bad faith when it built the pipeline.  Evidence of environmental damage such as contamination  does not tend to make the existence of any fact that is of consequence to the determination of QEP's bad

faith more probable or less probable than it would be without the evidence.

Accordingly,

**IT IS ORDERED** that QEP's Motion in Limine to Exclude Evidence of Environmental Damage (Record Document 40) be and is hereby **GRANTED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 25th day of August, 2016.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE